United States District Court
District of Massachusetts

| | |
|---|---|
| Dine Chau,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>Select Portfolio Servicing, Inc.<br>et al.,<br><br>　　　Defendants. | Civil Action No.<br>19-12473-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

In November, 2019, plaintiff Dine Chau ("Chau" or "plaintiff") filed an action against Select Portfolio Servicing, Inc. ("Select") and U.S. Bank, N.A. ("U.S. Bank"), as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition 2006-WMC3 Asset Backed Pass-Through Certificates, Series 2006-WMC3 (collectively "defendants") in the Housing Court Department of Massachusetts trial Court, Northeast Division, after defendants allegedly denied his requests to modify his mortgage and to provide related information and initiated foreclosure proceedings against him.

Plaintiff asserts that, in denying his requests, defendants violated Mass. Gen. L. c. 244 § 35B ("Chapter 244 § 35B"); the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §

-1-

2601 et seq., and Mass. Gen. L. c. 93A ("Chapter 93A"). Accordingly, plaintiff submits that he is entitled to injunctive relief under Chapter 244 § 35B and damages under RESPA and Chapter 93A. Defendants timely removed the action to this Court and subsequently filed a motion to dismiss (Docket No. 15).

On September 9, 2020, Magistrate Judge M. Page Kelley entered a Report and Recommendation ("R&R") recommending that the Court deny defendants' motion to dismiss. Defendants filed an extensive objection to the R&R.

The facts and procedural history are provided in detail in the R&R with which the Court assumes familiarity.

## I. Legal Standard

When a district court refers a dispositive motion to a magistrate judge for recommended disposition, it must

> determine de novo any part of the magistrate judge's disposition that has been properly objected to.

Fed. R. Civ. P. 72(b)(3).

In the present case, that includes consideration of all three counts of the complaint.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court must accept all factual

allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  Yet "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice to state a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of anything more than the mere possibility of misconduct. Id. at 679.

**II.  Analysis**

    **A. Count I: Violation of Mass. Gen. L. c. 244 §§ 35B(b)-(c)**

Magistrate Judge Kelley has recommended denying defendants' motion to dismiss Count I of plaintiff's complaint after concluding that defendants failed to afford plaintiff "certain extra protections" to which he is entitled under Chapter 244 § 35B in connection with the prospective foreclosure of his residence.  Although the Court agrees with that conclusion, it will reject Magistrate Judge Kelley's recommendation because Count I is now moot.

Plaintiff paid off the promissory note related to his mortgage loan on January 20, 2020, rendering the foreclosure sale unnecessary and the need for injunctive relief moot. Further, as to Count I, plaintiff's complaint seeks only

equitable relief and not damages. Because his payment of the subject promissory note renders his claim for relief moot, Count I of plaintiff's complaint does not survive a motion to dismiss for failure to state a claim for relief.

### B. Count II: Violation of Real Estate Settlement Procedures Act ("RESPA")

Magistrate Judge Kelley also recommends denying defendants' motion to dismiss Count II. Although the Court disagrees with the Magistrate Judge's reasons, for the following reasons, it nevertheless accepts her recommendation to deny defendants' motion with respect to Count II.

Plaintiff contends that Select violated RESPA by failing fully and properly to respond to his multiple Notices of Error and Requests for Information as required by 12 C.F.R. §§ 1024.35, 1024.36 and 1024.41. Plaintiff asserts that Select particularly failed 1) to respond to or correct the erroneous monthly gross income figure used to analyze his loan modification application, 2) to provide the evaluation standards used to assess plaintiff's application and/or 3) to state the specific reasons for its denial of his request. Plaintiff further alleges that those failures constitute a pattern or practice of noncompliance with RESPA, entitling him to statutory damages.

Select counters that it responded to each of plaintiff's notices and requests, satisfying the statutory requirements. Select also submits that it was not required to respond specifically to the claims relating to the monthly gross income figure because that is not a "covered error" under the Act.

After reviewing the parties' arguments, Magistrate Judge Kelley concludes that plaintiff has stated a claim for relief under RESPA because, at a minimum, he notified Select of the erroneous monthly gross income figure and Select failed to respond to that claim of error in violation of 12 C.F.R. § 1024.35.  That conclusion does not satisfy the requirement of RESPA, however, because it does not determine whether using of an incorrect monthly gross income figure in evaluating a loan modification application constitutes a "covered error" warranting a response under 12 C.F.R. § 1024.35.

To state a claim under RESPA pursuant to 12 U.S.C. § 2605, a plaintiff must show

> (1) that the servicer failed to comply with the statute's [qualified written request] rules; and (2) that the plaintiff incurred actual damages as a consequence of the servicer's failure.

Okoye v. Bank of New York Mellon, No. 10-cv-11563, 2011 WL 3269686, at *17 (D. Mass. Jul. 28, 2011) (brackets in original).

Defendants object to the R&R, contending that they were not required to respond to plaintiff's claim that the monthly gross

-5-

income figure was wrong because that error is not a covered error. They submit that they did not, therefore, fail to comply with the qualified written requests rules outlined in section 1024.35 for failing to respond to that error. The case law in this district supports defendants' position. Another Session of this Court has found that,

> Section 1024.35 only requires a servicer to respond to qualified written requests related to certain types of covered errors, and disputes related to the substance of a servicer's review of a loss mitigation application do not fall under the umbrella of covered errors.

Canty v. Wells Fargo Bank, N.A., No. 4:19-cv-12472, 2020 WL 2616303, at *4 (D. Mass. May 22, 2020). To the extent plaintiff's Notices of Error ask Select to respond to and correct the monthly gross income figure, the notices relate to the substance of Select's review of his loan modification application and, therefore, do not warrant a response. See 12 C.F.R. § 1024.35. The Court, accordingly, rejects Magistrate Judge Kelley's conclusion that plaintiff has sufficiently pled that Select violated its duty under 12 C.F.R. § 1024.35.

That being said, although Magistrate Judge Kelley did not analyze whether plaintiff sufficiently pled a violation of section 1024.41, the Court, reviewing the complaint de novo, finds that he did. Section 1024.41(d) requires servicers to state the "specific reasons" for denying a request for loan modification. In denying plaintiff's request, Select stated

perfunctorily, "investor rules" and "program guidelines." Although defendants aver that such responses satisfy 12 C.F.R. § 1024.41, the Court disagrees.  The Court finds that the factual allegations, at least with respect to the sparse reasons provided by Select for denying plaintiff's loan modification, state a claim for relief under RESPA.[1]

Finally, the Court finds that plaintiff has adequately alleged that Select engaged in a pattern of noncompliance with the requirements of section 1024.41, which would entitled him, if he proves his case, to statutory damages under 12 U.C.S. § 2605.  Specifically, there are factual allegations that Select denied plaintiff's loan modification applications on multiple occasions without providing specific reasons.

Although the Court disagrees with the reasoning of Magistrate Judge Kelley with respect to whether plaintiff has sufficiently pled a claim for relief under RESPA, it agrees with her ultimate recommendation to deny defendants' motion to dismiss Count II.  Accordingly, the Court finds that plaintiff has sufficiently stated a claim for relief in Count II and, therefore, accepts Magistrate Judge Kelley's recommendation as to this Count.

---

[1] The Court does not, at this time, determine whether Select's purported conduct also violates any of the other requirements outlined in Regulation X, 12 C.F.R. § 1024.1 et seq., including 12 C.F.R. § 1024.36.

### C. Count III: Violation of Consumer Protection Act (Mass. Gen. L. c. 93A)

Magistrate Judge Kelley recommends denying defendants' motion to dismiss Count III, as well.  The Court accepts that recommendation.

Plaintiff asserts that the process by which defendants determined not to offer him a loan modification was unreasonable and fraught with bad faith as, for example, by its repeated use of an improper monthly gross income figure.

Magistrate Judge Kelley found that plaintiff has alleged sufficient facts to state a claim under Chapter 93A based upon plaintiff's allegations that Select 1) repeatedly requested plaintiff for information already submitted or demanded new forms to be filed, 2) advised plaintiff that his December 2018 loan modification application was rejected solely because prior requests for modification had been denied and 3) failed to correct the errors in plaintiff's record.  Magistrate Judge Kelley concluded that plaintiff had sufficiently pled that defendants' conduct constituted a pattern of violations of their duty under Mass. Gen. L. c. 244 §35(b) to take "reasonable steps and [make] a good faith effort to avoid foreclosure." See Moreira v. Citimortgage, Inc., No. 15-cv-13720, 2016 WL 4707981, at *4 (D. Mass. Sept. 8, 2016) ("[A] pattern of conduct suffices

to plausibly allege that CitiMortgage acted with the requisite bad faith.").

Defendants object to the recommendation on the grounds that 1) their conduct did not "rise to level of evasiveness or misrepresentation required to establish a 93A violation," and 2) they did not consider plaintiff's gross monthly income in evaluating his loan modification application in any event.

The Court agrees with Magistrate Judge Kelley's conclusions that plaintiff has pled sufficient facts to state a claim under Chapter 93A in that his allegations

> establish a pattern of obstructionist behavior from which the Court can reasonably infer the existence of unfair and deceptive practices.

Canty, 2020 WL 2616303, at *3; see Sullivan v. Bank of N.Y. Mellon Corp., 91 F. Supp. 3d 154, 174 (D. Mass. 2015) ("Plaintiffs have alleged conduct on [d]efendants' part characterized by delay, evasiveness, and misrepresentation in processing [p]laintiffs' various loan modification applications. Such conduct plausibly supports a Chapter 93A claim.").

**ORDER**

Accordingly, upon consideration of defendants' objections thereto (Docket No. 28), the Report and Recommendation (Docket No. 27) is, with respect to defendants' motion to dismiss Count I, **REJECTED**, but is otherwise **ACCEPTED** and **ADOPTED**. Plaintiff's claim for relief under Mass. Gen. L. c. 244 § 35B is, therefore, **DISMISSED without prejudice**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 30, 2020